# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONY R. LEWIS,<br><br>    Plaintiff,<br><br>v.<br><br>O. DELGADO, et al.,<br><br>    Defendants. | Case No. 1:17-cv-01064-DAD-EPG (PC)<br><br>ORDER RESETTING INITIAL SCHEDULING CONFERENCE GIVEN PLAINTIFF'S FAILURE TO APPEAR AT COURT SCHEDULED CONFERENCE<br><br>ORDER REQUIRING PLAINTIFF TO COMPLY WITH COURT'S ORDER REQUIRING SCHEDULING CONFERENCE STATEMENT AND INITIAL DISCLOSURES<br><br>ORDER REQUIRING DEFENDANTS TO SUPPLEMENT INITIAL DISCLOSURES<br><br>ORDER DIRECTING CLERK TO SEND PLAINTIFF A COPY OF ECF NO. 22, AND A COPY OF THIS ORDER TO SENIOR ASSISTANT ATTORNEY GENERAL MONICA ANDERSON, THE WARDEN OF PELICAN BAY STATE PRISON, AND THE LITIGATION COORDINATOR FOR PELICAN BAY STATE PRISON |

    Plaintiff, Tony R. Lewis, is a state prisoner proceeding *pro se* and *in forma pauperis* in this this civil rights action filed pursuant to 42 U.S.C. § 1983. He is currently confined at the Pelican Bay State Prison in Crescent City, California.

    As described below, Plaintiff failed to appear at a telephonic initial scheduling conference despite notice to Plaintiff and the institution.

1

Given that Plaintiff had recently moved institutions, and that defense counsel notified the institution of this conference shortly before the conference, the Court will not consider sanctions for Plaintiff's failure to appear at this time. However, the Court reminds all concerned of Plaintiff's right to access the courts and the importance of making Plaintiff available for court appearances.

Accordingly, the Court will reset the initial scheduling conference for to **January 15, 2019, at 9:30 AM**, in Courtroom 10 (EPG) before Magistrate Judge Erica P. Grosjean. To appear telephonically, each party is to use the following dial-in number and passcode: Dial-in number 1-888-251-2909; Passcode 1024453.

Additionally, the Court requires certain filings by the parties in advance of the conference, as set forth below.

**I.  Background**

On August 29, 2018, the Court entered an order setting an initial scheduling conference in this case for December 10, 2018, at 3:00 p.m. (ECF No. 22.) The order stated:

> An Initial Scheduling Conference will be held on **December 10, 2018, at 3:00 PM**. Parties have leave to appear by phone. To join the conference, each party is directed to call the toll-free number **(888) 251−2909** and use **Access Code 1024453.**
>
> . . . .
>
> Plaintiff shall make arrangements with staff at his or her institution of confinement for his or her attendance at the mandatory telephonic Initial Scheduling Conference. Plaintiff's institution of confinement shall make Plaintiff available for the conference at the date and time indicated above. To the extent possible, defense counsel shall confirm with Plaintiff's institution of confinement that arrangements have been made for Plaintiff's attendance prior to the conference.

(*Id.* at 3 (emphasis in original).)

The Court attempted to hold the conference on the date and time ordered. The undersigned Judge and her court staff were present. Defense counsel, Mina Choi, appeared on behalf of Defendants. However, Plaintiff failed to appear. After waiting approximately ten minutes, the Court had to continue the conference due to Plaintiff's failure to appear.

Ms. Choi informed the Court that prior to the Conference, she contacted Plaintiff's institution of confinement, Pelican Bay, regarding Plaintiff's attendance at the Conference. She indicated that Plaintiff's institution had agreed to make Plaintiff available for the court conference. She did not know why Plaintiff failed to appear at the conference.

In addition, both Plaintiff and Defendants have failed to fully comply with the Court's order setting an initial scheduling conference, in which the Court also required the parties to make initial disclosures that include certain information and file scheduling conference statements. (ECF No. 22.)

Specifically, Plaintiff failed to file any scheduling conference statement, which was required at least two weeks in advance of the December 10, 2018, date set for the initial scheduling conference. (ECF No. 22 at 4.) In addition, Defendants claim that although Plaintiff served Defendants with a document titled "Plaintiff[']s First Request for Production of Documents and Initial Disclosure," this document does not provide a list of potential witnesses, individuals with discoverable information, or a list of documentary evidence regarding the event(s) at issue in the Complaint, all of which Plaintiff is required to disclose under the Court's order. (ECF No. 22; ECF No. 23 at 3.)

As to Defendants, although Defendants filed an initial scheduling conference statement, Defendants failed to include a response indicating "[w]hether documents were generated in connection with any investigation related to the event(s) at issue in the Complaint or the processing of Plaintiff's grievance(s), and if there were, whether those documents are subject to any claims of privilege." (ECF No. 22 at 4 (footnote omitted); *see* ECF No. 23.)

**II. Order**

Accordingly,

1. The telephonic Initial Scheduling Conference is continued to **January 15, 2019, at 9:30 AM**, in Courtroom 10 (EPG) before Magistrate Judge Erica P. Grosjean. To appear telephonically, each party is to use the following dial-in number and passcode: Dial-in number 1-888-251-2909; Passcode 1024453.

2. Plaintiff shall make arrangements with staff at his institution of confinement for his

1. attendance at the conference.
3. Plaintiff's institution of confinement is hereby ordered to make Plaintiff available for the conference at the date and time indicated above.
4. Prior to the conference, defense counsel shall confirm with Plaintiff's institution of confinement that arrangements have been made for Plaintiff's attendance.
5. Plaintiff is directed to file a scheduling conference statement and provide complete initial disclosures as required by the Court's order setting initial scheduling conference (ECF No. 22), no later than **January 4, 2019**.
6. The Clerk of the Court shall serve Plaintiff with a copy of the Court's order, ECF No. 22, on Plaintiff at his current address.
7. Defendants are directed to file a supplement to their scheduling conference statement, no later than **January 4, 2018**, to provide a response indicating "[w]hether documents were generated in connection with any investigation related to the event(s) at issue in the Complaint or the processing of Plaintiff's grievance(s), and if there were, whether those documents are subject to any claims of privilege." (ECF No. 22 at 4.)
8. The Clerk of Court is respectfully directed to serve a copy of this order and ECF No. 22 on:
    a. Supervising Deputy Attorney General Monica Anderson;
    b. The Warden of Pelican Bay State Prison; and
    c. The Litigation Coordinator for Pelican Bay State Prison.

IT IS SO ORDERED.

Dated: **December 12, 2018**　　　　/s/ Erica P. Grosjean
　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

4