UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONY R. LEWIS,<br><br>                Plaintiff,<br><br>    v.<br><br>O. DELGADO, et al.,<br><br>                Defendants. | Case No. 1:17-cv-01064-DAD-EPG (PC)<br><br>ORDER FOLLOWING INITIAL SCHEDULING CONFERENCE |

       Plaintiff, Tony R. Lewis, is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. On January 15, 2019, the Court held an Initial Scheduling Conference ("Conference"). Plaintiff telephonically appeared on his own behalf. Counsel Mina Kang Choi telephonically appeared on behalf of Defendants.

       During the Conference, and with the benefit of scheduling conference statements provided by the parties, the Court and the parties discussed the disclosures the parties have made to date and the official information privilege Defendants have asserted regarding certain documents that the Court previously ordered disclosed. (*See* ECF No. 22.) In addition to opening discovery generally, the Court ordered Plaintiff to make his initial disclosures, and ordered Defendants to submit for *in camera* review any documents for which they are claiming privilege.

       The Court also discussed with the parties Plaintiff's motion to compel in which Plaintiff

1

has requested the Court compel Defendants to disclose use of force reports for a five-year period. (ECF No. 29.) The Court instructed Plaintiff that in the future, he is to first request documents and other discovery through appropriate discovery requests, and wait for Defendants to provide their response to his discovery requests. A motion to compel should be filed only if Defendants refuse to comply with Plaintiff's discovery requests. Nonetheless, the Court informed the parties that it will address Plaintiff's motion to compel.

Finally, the Court denied without prejudice Plaintiff's motion for appointment of counsel (ECF No. 27).

In an effort to secure the just, speedy, and inexpensive disposition of this action,[1] and after consideration of Federal Rule of Civil Procedure 26(b)(1),[2] IT IS ORDERED[3] that:

1. Plaintiff has **thirty (30) days** from the date of service of this order to serve his initial disclosures on Defendants, as discussed during the January 15, 2018, scheduling conference and required by the Court's order setting an initial scheduling conference (ECF No. 22). Specifically, Plaintiff must list any individuals who have

---

[1] *See*, *e.g.*, *United States v. W.R. Grace*, 526 F.3d 499, 508–09 (9th Cir. 2008) ("We begin with the principle that the district court is charged with effectuating the speedy and orderly administration of justice. There is universal acceptance in the federal courts that, in carrying out this mandate, a district court has the authority to enter pretrial case management and discovery orders designed to ensure that the relevant issues to be tried are identified, that the parties have an opportunity to engage in appropriate discovery and that the parties are adequately and timely prepared so that the trial can proceed efficiently and intelligibly.").

[2] Federal Rule of Civil Procedure 26 provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." *Ibid*.

[3] Pursuant to Federal Rule of Civil Procedure 16, "[a]t any pretrial conference, the court may consider and take appropriate action on the following matters: . . . controlling and scheduling discovery, including orders affecting disclosures and discovery under Rule 26 and Rules 29 through 37" and "facilitating in other ways the just, speedy, and inexpensive disposition of the action." Fed. R. Civ. P. 16(c)(2)(F). *See also Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988) ("The district court has wide discretion in controlling discovery."). Federal Rule of Civil Procedure 16 vests the district court with early control over cases "toward a process of judicial management that embraces the entire pretrial phase, especially motions and discovery." *In re Arizona*, 528 F.3d 652, 655 (9th Cir. 2008) (affirming district court's requiring that prison officials prepare a *Martinez* report to give detailed factual information involving a prisoner's suit under 42 U.S.C. § 1983 and stating "district courts have wide latitude in controlling discovery."). *See also* Advisory Committee Notes to 1993 Amendment to Federal Rules of Civil Procedure regarding Rule 26(a) ("The enumeration in Rule 26(a) of items to be disclosed does not prevent a court from requiring by order or local rule that the parties disclosed additional information without a discovery request.").

information that Plaintiff believes supports his case, and provide or list any documents that Plaintiff belives supports his case. If Plaintiff fails to make his initial disclosures within thirty (30) days of service of this order, Defendants may file a motion to compel such disclosures, and the Court will consider appropriate sanctions, which may include dismissal of the case.

2. As to Defendants withholding of certain documents based on official information privilege (*see* ECF No. 26):

    a. If Defendants are asserting the official information privilege as to any documents described in their initial scheduling conference (ECF No. 22), Defendants shall submit such documents to the Court no later than **February 28, 2019**, for *in camera* review.

    b. Defendants may also submit an *in camera* submission explaining the basis for such assertion of privilege, and any redacted versions of the documents that Defendants would like the Court to consider if the Court determines that the asserted privilege does not prevent disclosure of some or all portions of certain documents Defendants claim to be privileged.

3. Defendants shall file a response to Plaintiff's Motion to Compel (ECF No. 29) no later than **February 15, 2019**. Plaintiff shall file his reply in support of his motion to compel, if any, no later than **February 28, 2019**.

4. Defense counsel is directed to contact Sujean Park, the ADR and Pro Bono Director, to set up a settlement conference, to be set approximately sixty (60) days from the date of this order. Ms. Park can be contacted at:

    > Sujean Park, ADR and Pro Bono Director
    > United States District Court, Eastern District of California
    > 501 I Street, Suite 4200
    > Sacramento, CA 95814
    > (916) 930-4278
    > spark@caed.uscourts.gov

5. An objection or privilege assertion can be challenged via a motion to compel.

6. Plaintiff's motion for appointment of counsel (ECF No. 27) is denied without

prejudice for the reasons described on the record.

IT IS SO ORDERED.

Dated: **January 15, 2019**  /s/ *Eric P. Grosjean*
UNITED STATES MAGISTRATE JUDGE